IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1036-GPG

**JERRY D. CARTER**,

    Plaintiff,

v.

**PENROSE, ST. FRANCIS CATHOLIC HOSPITAL**,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Jerry D. Carter, initiated this action by filing a Complaint (ECF No. 1) in which he alleges that he suffered an assault while he was in the Penrose St. Francis Catholic Hospital. Mr. Carter does not assert a jurisdictional basis for his Complaint, nor does he assert any specific claims or a request for relief.

On June 15, 2015, Magistrate Judge Gordon P. Gallagher issued an order to Mr. Carter directing him to show cause, in writing, within thirty (30) days, why the Complaint and this action should not be dismissed for lack of subject matter jurisdiction. (ECF No. 7). Plaintiff has not responded to the Order to Show Cause.

The Court construes the Complaint filed by Mr. Carter liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). For the reasons discussed below, this action will be dismissed for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory

bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings.).

Mr. Carter fails to allege a statutory basis to invoke the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Moreover, to the extent he would assert jurisdiction under 42 U.S.C. § 1983, his allegations do not support the claim. "[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Mr. Carter's allegations against the Defendant, a private entity, may support a state law personal injury claim, but do not demonstrate state action or a constitutional deprivation, so as to implicate the Court's federal question jurisdiction.

This Court may exercise diversity jurisdiction over a state law claim, pursuant to

28 U.S.C. § 1332, if a plaintiff presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Mr. Carter's allegations that both he and the Defendant are residents of Colorado are insufficient to invoke this Court's diversity jurisdiction.  Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** without prejudice for lack of subject matter jurisdiction.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Carter files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED July 30, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court